IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ___1:20-cv-03677_____

ROSETTA M. JOHNSON,

    Plaintiff,

v.

ASPEN NATIONAL FINANCIAL, INC. d/b/a
ASPEN NATIONAL COLLECTIONS,

    Defendant.

## COMPLAINT

**NOW COMES** ROSETTA M. JOHNSON ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of ASPEN NATIONAL FINANCIAL, INC. d/b/a ASPEN NATIONAL COLLECTIONS. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's principal place of business is located in Grand Junction, Colorado, which is located within the District of Colorado.

## PARTIES

4. Plaintiff is a disabled "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a third party debt collector holding itself out as "a national debt collection agency."[1]  Defendant's principal place of business is located at 827 Rood Avenue, Grand Junction, Colorado 81501.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

7. The instant action stems from Defendant's attempt to collect upon a timeshare debt ("subject debt") that Plaintiff allegedly owed to Vacation Village at Parkway.

8. Plaintiff defaulted on the subject debt due to several health issues.

9. After the subject debt was in default, Defendant acquired the right to collect or attempt to collect on the subject debt.

10. In early 2019, Plaintiff started receiving calls to her cellular phone number (732) XXX-3063, from Defendant.

11. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in -3063. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

---

[1] http://aspennational.com/collections/

2

12. Defendant has called Plaintiff mainly using the phone number (352) 754-4509, but upon belief, Defendant has used other phone numbers as well.

13. Upon information and belief, the aforementioned phone number ending in -4509 is regularly utilized by Defendant during its debt collection activity.

14. Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

15. Upon speaking to Defendant, Plaintiff explained that due to her medical condition she fell into financial hardships and cannot afford to make a payment on the subject debt. Plaintiff also explained that the amount Defendant was attempting to collect was more than double of the original amount that Plaintiff owed on the subject debt.

16. Defendant completely disregarded Plaintiff's explanation and continued to demand payment on the subject debt.

17. Due to Defendant overwhelming pressure, Plaintiff agreed to enter into a payment plan with Defendant.

18. Thereafter, every time Plaintiff's scheduled payments were coming due, she would be bombarded with calls from Defendant's agent Tom Mitchell ("Tom").

19. Tom continually mocked and berated Plaintiff when speaking to her.

20. Plaintiff stated to Tom that she was making her payments, his calls were harassing, and demanded that Tom cease contacting her.

21. Tom willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone.

22. In one particular conversation with Tom, Plaintiff explained to him that she cannot walk and has a serious heart condition. Tom replied by stating that he does not care. Tom's statement

shocked Plaintiff. Plaintiff demanded to speak to a supervisor. Before Tom transferred Plaintiff to a supervisor, he stated that he was more than happy to transfer Plaintiff because he was tired of talking to her.

23. Once Plaintiff was connected with a supervisor, she explained the situation she had with Tom. The supervisor falsely stated that Tom would no longer contact Plaintiff.

24. After a month of not hearing from Tom, Tom called Plaintiff and sent her a collection letter dated December 8, 2020.

25. Frustrated and distressed over Defendant's harassing conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, anxiety, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

30. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

4

31. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or telephones to collect delinquent accounts allegedly owed to a third party.

32. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

33. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]he use of obscene language or language the natural consequence of which is to abuse the hearer or reader." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff numerous times after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

35. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

36. Defendant further violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unprofessional conduct of berating and mocking

Plaintiff during its collection campaign. Any reasonable fact will conclude that Defendant's actions were harassing and abusive as Defendant ridiculed and needlessly harassed Plaintiff when it attempted to collect upon the subject debt.

### b. Violations of FDCPA § 1692e

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

39. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop calling her, Defendant place numerous calls to Plaintiff's cellular phone without her consent. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to call her when it no longer had consent to do so.

40. Furthermore, Defendant falsely stated that Defendant's agent Tom would no longer contact Plaintiff but Tom continued to contact Plaintiff despite Defendant's assuring that he would not.

41. Defendant further violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant implicitly represented that it could harass and oppress Plaintiff when it mocked and berated her. This type of behavior is explicitly prohibited by the FDCPA. Defendant's actions only served to worry and confuse Plaintiff.

6

### c. Violations of FDCPA § 1692f

42. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. Defendant violated §1692f when it unfairly harassed Plaintiff. Defendant used such harassing conduct on order to force Plaintiff into making a payment on the subject debt when she could not afford to.

44. Furthermore, Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission and belittling her is unfair and unconscionable behavior. These means employed by Defendant only served to worry and abuse Plaintiff.

45. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff ROSETTA M. JOHNSON respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: December 15, 2020					Respectfully Submitted,

						/s/ Nathan C. Volheim
						Nathan C. Volheim, Esq. #6302103
						*Counsel for Plaintiff*
						Sulaiman Law Group, Ltd.
						2500 South Highland Avenue, Suite 200
						Lombard, IL 60148
						(630) 568-3056 (phone)
						(630) 575-8188 (fax)
						nvolheim@sulaimanlaw.com